**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **MARQUES MARTIN** ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | No. 3:11-0813 |
| ] | Judge Campbell |
| **RUTHERFORD COUNTY WORK CENTER,** ] | |
| **et al.** ] | |
| Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Rutherford County Work Center; Rutherford County; and six members of the staff at the Rutherford County Work Center; seeking damages.

While he was an inmate at the Rutherford County Work Center, the plaintiff received credit for 9 days of work toward the reduction of his sentence. He complains that he actually should have been credited with 42 days of work rather than 9 days. The plaintiff further alleges that his termination from the job and subsequent transfer back to the Adult Detention Center was a "retaliatory and discriminatory action".

The plaintiff also claims that his legal mail was not delivered in violation of his right of access to the courts.

Finally, he alleges that he was subjected to cruel and unusual punishment when the defendants ignored his numerous requests for a copy of the institutional rules.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

The plaintiff alleges that his sentence was not properly reduced when he was only credited with 9 days of work. Any claim that seeks relief affecting the length or duration of a prisoner's incarceration is not the proper subject for a § 1983 action. <u>Hadley v. Werner</u>, 753 F.2d 514 (6th Cir.1985). Rather, the plaintiff must first establish his entitlement to relief via habeas corpus. *See* <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the length of his sentence in either a state or federal court. Therefore, the plaintiff's sentence reduction claim is not yet cognizable in a § 1983 action.

The plaintiff has alleged that he was terminated from his job and sent back to the Adult Detention Center for retaliatory and discriminatory reasons. He has not, however, offered any factual allegations that might suggest any type of retaliation or discrimination. This claim, therefore, is conclusory at best. A conclusory claim is insufficient to support an award of § 1983

relief. Mezibov v. Allen, 411 F.3d 712,716 (6th Cir.2005).

The plaintiff also claims that the defendants failed to deliver his legal mail in violation of his right of access to the courts. A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). It is not enough, however, for the plaintiff to simply allege that the defendants interfered with his legal mail. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Walker v. Mintzes, 771 F.2d 920,932 (6th Cir.1985); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). In this instance, the plaintiff has made no such showing. Consequently, he has failed to state a claim premised upon his right of access to the courts.

Finally, the plaintiff claims that he was subjected to cruel and unusual punishment when the defendants ignored his numerous requests for a copy of the institutional rules. A prisoner has been subjected to cruel and unusual punishment when it can be shown that he was denied the minimal civilized measure of life's necessities. Spencer v. Bouchard, 449 F.3d 721,728 (6th Cir.2006). Failing to give the plaintiff a copy of the institutional rules does not constitute the deprivation of one of life's necessities. In any event, according to exhibits attached to the complaint, the institutional rules are broadcast via television daily for the benefit of the inmates. Therefore, the failure to provide the plaintiff with a copy of the institutional rules did not infringe

upon his constitutional rights.

Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge